IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-00206-F-7
No. 5:16-CV-00904-F

| | |
|---|---|
| DOLLY WADSWORTH EVANS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **ORDER** |

This matter is before the court on the Government's Motion to Dismiss [DE-340] Dolly Wadsworth Evans' ("Evans") pending Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-323, -328].[1] Evans' time to respond to the Government's Motion to Dismiss has elapsed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Evans' Motions to Vacate are DENIED.

**I. Factual and Procedural Background**

On September 16, 2014, Evans was charged in six counts of a thirteen-count indictment filed in the Eastern District of North Carolina. *See* Indictment [DE-1]. In Count One, Evans was charged with conspiracy to manufacture, distribute, dispense, and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. *See id.* Counts Five, Six, and Nine charged Evans with possession of equipment, chemicals, products, and material with the intent to manufacture methamphetamine and aiding

---

[1] Evans' initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-323], which was filed on November 10, 2016. Then, on December 6, 2016, at the court's direction, Evans filed a "conforming" motion [DE-328].

and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. *See id.* In Count Seven, Evans was charged with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See id.* Count Eight charged Evans with possession of pseudoephedrine with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. *See id.*

At her arraignment, held on May 11, 2015, Evans pleaded guilty to Count One pursuant to a written plea agreement [DE-193]. The Government agreed that at sentencing, it would dismiss Counts Five, Six, Seven, Eight, and Nine as to Evans only. *Id.* at 6. Evans' sentencing was held on November 3, 2015, and she was sentenced to 157 months' imprisonment and ten years of supervised release. *See* Judgment [DE-262]. Evans was ordered to pay a special assessment of $100, a fine in the amount of $5,800.00, and restitution in the amount of $1,955.70. *See id.* Evans did not file a direct appeal.

On November 10, 2016, Evans filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-323] and then a corrected motion on December 6, 2016 [DE-328]. In her § 2255 motion, Evans presents the following claims: (1) her attorney provided ineffective assistance of counsel; and (2) she is entitled to relief under Amendment 794 to the U.S. Sentencing Guidelines. *See* Mot. Vacate [DE-328]. On January 13, 2017, the Government filed a Motion to Dismiss [DE-340] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Evans has failed to state a claim upon which relief can be granted. Evans failed to respond to the Government's Motion to Dismiss.

## II. Legal Standards

### A. 28 U.S.C. § 2255

Evans filed the instant motion pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). With a § 2255 motion, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Hayes v. United States*, Nos. 4:13CR70, 4:16CV54, 2017 WL 976624, at *2 (E.D. Va. Mar. 13, 2017). When deciding a § 2255 motion, the court need not hold a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). When conducting the § 2255(b) review, *pro se* filings are held to a less stringent standard. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### B. Federal Rule of Civil Procedure 12(b)(6)

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). When considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

3

However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. Evans has failed to state a claim of ineffective assistance of counsel.

Evans has alleged one claim of ineffective assistance of counsel. Mot. Vacate [DE-328] at 6. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability

4

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Evans' ineffective assistance of counsel claim.

In her first claim, Evans generally alleges that her attorney provided ineffective assistance of counsel. Mot. Vacate [DE-328] at 6. In particular, Evans contends that her attorney "failed to provide [her] the proper hand in regards towards the indictment." *Id.* Evans further contends that she was not given any discovery and did not understand the charges against her. *Id.* Finally, Evans asserts that her attorney was not an experienced federal attorney. *Id.*

Evans' claim must fail under *Strickland* because she has failed to allege *any* prejudice. Because Evan has made an insufficient showing on the prejudice prong of the *Strickland* standard, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one."). Accordingly, Evans' first claim will be dismissed.

## B. Evans is not entitled to relief under Amendment 794 to the U.S. Sentencing Guidelines because the amendment is not retroactively applicable on collateral review.

In her second and final claim, Evans contends that she is entitled to relief under Amendment 794 to the U.S. Sentencing Guidelines. Mot. Vacate [DE-328] at 7. Evans specifically contends that she did not have a proprietary interest and was not the master mind behind the criminal activity. *Id.*

Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a

5

mitigating role in the offense.[2] *United States v. Donis-Galan*, 646 F. App'x 867, 870 n.2 (11th Cir. 2016) (per curiam). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment. *United States v. Gomez-Valle*, 828 F.3d 324, 329 (5th Cir. 2016). The factors are

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity; [and] (v) the degree to which the defendant stood to benefit from the criminal activity.

*See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Gomez-Valle*, 828 F.3d at 329.

Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed. *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016). Consequently, Evans is not entitled to relief under Amendment 794.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-340] is ALLOWED and Evan's Motions to Vacate [DE-323, -328] are DENIED.

---

[2] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015).

6

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 22 day of March, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

7